UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO WARE,

    Petitioner,                             Civil No. 2:07-CV-11006
                                          HONORABLE ARTHUR J. TARNOW
v.                                      UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL

Antonio Ware, ("Petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316; three counts of assault with intent to commit murder, M.C.L.A. 750.83; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court on November 26, 2002. Petitioner's conviction was affirmed on appeal. *People v. Ware,* No. 247142 (Mich.Ct.App. June 29, 2004); *lv. den.* 472 Mich. 885, 695 N.W.2d 67 (2005). Petitioner thereafter filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Ware,* No. 02-008665-01 (Wayne County Circuit Court, December 14, 2005). The Michigan appellate courts denied

1

*Ware v. Wolfenbarger,* 2:07-CV-11006

petitioner leave to appeal the denial of his post-conviction motion. *People v. Ware,* No. 269770 (Mich.Ct.App. October 26, 2006); *lv. den.* --- N.W.2d ----, 2007 WL 583630 (Mich.Sup. Ct. February 27, 2007).

On March 6, 2007, petitioner filed a petition for writ of habeas corpus with the U.S. District Court for the Eastern District of Michigan, in which he challenged his 2002 convictions for first-degree murder, assault with intent to commit murder, and felony-firearm, by raising the following claims:

> I. Did the trai: (sic) court violated (sic) petitioner's due process by unconditionally refusing to reread petitioner's testimony in response to the jury's request, where it was critical to evaluating petitioner's insanity defense.
>
> II. Was petitioner deprived of a fair trial by having both the expert witness'es (sic) give testimony about the legal statue (sic) of Michigan's mental illness and legal insanity, when it's the sole duty of the court.

This petition is currently pending before Judge Nancy G. Edmunds. *Ware v. Wolfenbarger*, U.S.D.C. No. 2:07-CV-10964. A decision has not yet been rendered in that case.

On March 8, 2007, petitioner filed the instant petition with this Court, in which he challenges the same convictions for first-degree murder, assault with intent to murder, and felony-firearm that he is challenging in Judge Edmunds' case and raised the identical claims that he has presented in the petition before Judge Edmunds.

## II. Discussion

The instant petition for writ of habeas corpus must be dismissed because it is duplicative of the petition pending before Judge Edmunds.

*Ware v. Wolfenbarger,* 2:07-CV-11006

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Petitioner's current habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition, because both cases seek the same relief. *Id.* Because petitioner challenges the same conviction in both petitions and raises the same claims, the Court will dismiss this second petition as being duplicative. *See, e.g.*, *Daniel v. Lafler,* 2006 WL 1547772, * 1 (E.D. Mich. June 1, 2006); *Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006); *Harrington v. Stegall,* 2002 WL 373113, * 2 (E.D. Mich. February 28, 2002); *Colon v. Smith*, 2000 WL 760711, * 1, fn. 1 (E.D. Mich. May 8, 2000); *See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657, 1989 WL 25837, * 1 (6th Cir. March 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition).

In the present case, the instant petition challenges the same conviction and raises the same claims and makes the same legal arguments as the petition in the case pending before Judge Edmunds. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000). This Court is therefore permitted to take judicial notice of its own court documents and records in determining that the current habeas petition is duplicative of the previously filed application for habeas relief. *Harrington v. Stegall,* 2002 WL 373113, * 2. Accordingly, this petition for writ of habeas

*Ware v. Wolfenbarger,* 2:07-CV-11006

corpus will be dismissed.

### III. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  March 23, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary